1

Chief Judge Robert S. Lasnik

2

3



4

5

04-CR-00275-PLAGR

6

7

8 | UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
9 | AT SEATTLE

10

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
11 | | ) | NO.  CR04-275L |
| Plaintiff, | ) | |
12 | | ) | |
| v. | ) | PLEA AGREEMENT |
13 | | ) | |
| ELROY JOHN LAMONT, | ) | |
14 | | ) | |
| Defendant. | ) | |
15 | | ) | |

16        The United States of America, by and through John McKay, United States

17   Attorney for the Western District of Washington, and Vincent T. Lombardi, Assistant

18   United States Attorney for said District, and the Defendant, ELROY JOHN LAMONT,

19   and his attorneys, Timothy Lorhaff and Nancy Tenney, enter into the following

20   Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

21        1.    The Charge.  Defendant, having been advised of the right to have this

22   matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

23   following charges contained in the Indictment: False Threat to Use Explosive Materials

24   via Interstate Commerce, as charged in Count One, in violation of Title 18,

25   United States Code, Section 844(e).  By entering this plea of guilty, Defendant hereby

26   waives all objections to the form of the charging document.  Defendant further

27   understands that before entering his plea of guilty, Defendant will be placed under oath.

28

1  Any statement given by Defendant under oath may be used by the United States in a
2  prosecution for perjury or false statement.

3      2.    Elements of the Offense. The elements of the offense of False Threat to
4  Use Explosive Materials via Interstate Commerce, as charged in Count One, in
5  violation of Title 18, United States Code, Section 844(e) are as follows:

6          a.    Defendant knowingly used an instrument of foreign or interstate
7  commerce; and

8          b.    Defendant did so to willfully threaten, or knowingly convey false
9  information about, an alleged attempt to kill, injure, or intimidate any individual, or to
10  unlawfully damage or destroy any building, by means of fire or an explosive.

11      3.    The Penalties. Defendant understands that the statutory penalties for the
12  offense of False Threat to Use Explosive Materials via Interstate Commerce, as
13  charged in Count One, in violation of Title 18, United States Code, Section 844(e), are
14  as follows: imprisonment for up to ten (10) years, a fine of up to $250,000, a period of
15  supervision following release from prison of up to three (3) years, and a $100 penalty
16  assessment. If Defendant receives a sentence of probation, the probationary period
17  could be up to five (5) years. Defendant agrees that the penalty assessment shall be
18  paid at or before the time of sentencing.

19      Defendant understands that in addition to any term of imprisonment and/or fine
20  that is imposed, the Court may order Defendant to pay restitution to any victim of the
21  offense, as required by law.

22      Defendant agrees that any monetary penalty the Court imposes, including the
23  special assessment, fine, costs or restitution, is due and payable immediately, and
24  further agrees to submit a completed Financial Statement of Debtor form as requested
25  by the United States Attorney's Office.

26      Defendant understands that supervised release is a period of time following
27  imprisonment during which he will be subject to certain restrictions and requirements.
28  Defendant further understands that if supervised release is imposed and he violates one

PLEA AGREEMENT
(Lamont, CR04-275L) - 2

1   or more of its conditions, he could be returned to prison for all or part of the term of

2   supervised release that was originally imposed.  This could result in Defendant serving

3   a total term of imprisonment greater than the statutory maximum stated above.

4        4.   Rights Waived by Pleading Guilty.  Defendant understands that, by

5   pleading guilty, he knowingly and voluntarily waives the following rights:

6             a.   The right to plead not guilty, and to persist in a plea of not guilty;

7             b.   The right to a speedy and public trial before a jury of Defendant's

8   peers;

9             c.   The right to the effective assistance of counsel at trial, including, if

10  Defendant could not afford an attorney, the right to have the Court appoint one for

11  Defendant;

12            d.   The right to be presumed innocent until guilt has been established

13  at trial, beyond a reasonable doubt;

14            e.   The right to confront and cross-examine witnesses against

15  Defendant at trial;

16            f.   The right to compel or subpoena witnesses to appear on

17  Defendant's behalf at trial;

18            g.   The right to testify or to remain silent at trial, at which trial such

19  silence could not be used against Defendant; and

20            h.   The right to appeal a finding of guilt or any pretrial rulings.

21       5.   United States Sentencing Guidelines.   Defendant understands and

22  acknowledges that, at sentencing, the Court must consider the sentencing range

23  calculated under the United States Sentencing Guidelines, together with the other

24  factors set forth in  Title 18, United States Code, Section 3553(a), including: (1) the

25  nature and circumstances of the offense; (2) the history and characteristics of the

26  defendant; (3) the need for the sentence to reflect the seriousness of the offense, to

27  promote respect for the law, and to provide just punishment for the offense; (4) the

28  need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for

PLEA AGREEMENT
(Lamont, CR04-275L) - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    the sentence to protect the public from further crimes of the defendant; (6) the need to

2    provide the defendant with educational and vocational training, medical care, or other

3    correctional treatment in the most effective manner; (7) the kinds of sentences

4    available; (8) the need to provide restitution to victims; and (9) the need to avoid

5    unwarranted sentence disparity among defendants involved in similar conduct who have

6    similar records.  Accordingly, Defendant understands and acknowledges that:

7          a.    The Court will determine Defendant's applicable Sentencing

8    Guidelines range at the time of sentencing;

9          b.    After consideration of the Sentencing Guidelines and the other

10   factors in Title 18, United States Code, Section 3553(a), the Court may impose any

11   sentence authorized by law, up to the maximum term authorized by law;

12         c.    The Court is not bound by any recommendation regarding the

13   sentence to be imposed, or by any calculation or estimation of the Sentencing

14   Guidelines range offered by the parties, or by the United States Probation Department;

15   and

16         d.    Defendant may not withdraw a guilty plea solely because of the

17   sentence imposed by the Court.

18      6.    Ultimate Sentence.  Defendant acknowledges that no one has promised or

19   guaranteed what sentence the Court will impose.

20      7.    Restitution.  Defendant shall make restitution to the Darrington School

21   District # 330, in an amount to be determined by the Court at the time of sentencing.

22   The Government currently estimates the restitution amount as approximately $5,381.15.

23   The restitution amount ordered by the Court shall be due and payable immediately and

24   shall be paid in accordance with a schedule of payments as set by the United States

25   Probation Office and ordered by the Court.

26      8.    Statement of Facts.  The parties agree on the following facts in support of

27   Defendant's guilty plea and sentencing.  Defendant admits he is guilty of the charged

28   offense.

PLEA AGREEMENT
(Lamont, CR04-275L) - 4

1              a.     On or about Sunday, May 16, 2004, Defendant knowingly sent an

2    email, an instrumentality of interstate or foreign commerce, to approximately 25

3    employees of the Darrington School District, located within the Western District of

4    Washington.  Defendant used a computer program in an attempt to conceal his identity,

5    that made it appear as though the email came from the address picard@voila.fr.  The

6    body of the email read as follows:

7                 Hello, I have observed information that there is a highly
     sophisticated bomb hidden in the darrington elementary
8    grade school, the bomb is set to detonate Monday at 1:30
     pm, it is a highly powerful bomb consisting of ammonia
9    nitrate, and high octane racing fuel, it has a digital timer
     attached to it that will set it off at the designated time with a
10   electrical charge, i suggest you shut down the school on
     Monday and have fireman and police teams search the
11   buildings, this is a real serious issue and this bomb could
     injure or kill hundreds.

12             b.     There was no bomb at the school.  The email was received by

13   staff at the Darrington elementary school on May 17, 2004.  Based on the threat,

14   officials made the decision to close the elementary school early, and the Washington

15   State bomb squad was called to the school to investigate.  Defendant admits he sent

16   this email to willfully and knowingly convey false information about an alleged attempt

17   to injure and intimidate individuals associated with the elementary school and/or

18   unlawfully damage or destroy the school building, by means of fire and explosive.

19             c.     Later that same day, Defendant sent another email, an

20   instrumentality of interstate or foreign commerce, to approximately 5 employees of the

21   Darrington School District.  Defendant again used a program in an attempt to conceal

22   his identity that made it appear as though the message came from someone named

23   "Stephane Portha" at the address stephane@cyberjoueurs.com.  The body of the

24   message read as follows:

25                Hello, i am Stephane Portha from PARIS FRANCE, i have
     come to america to kill stupid american boys, i have found
26   you school and put a bomb in it and have found i can shoot
     kids with my rifle very easily from the neighborhood and
27   tree covers as they try to runs mushs haha!  Yous will try to
     hide and run but i will gets you alls!  Forgive me bad
28   english i came from france to kill american boys and girls.

PLEA AGREEMENT
(Lamont, CR04-275L) - 5

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1          d.    Again, there was no bomb at the school. Defendant admits he sent

2    this email to willfully and knowingly convey false information about an alleged attempt

3    to injure and intimidate individuals associated with the elementary school and/or

4    unlawfully damage or destroy the school building, by means of fire and explosive.

5    After receiving the email, school district officials made the decision to close the entire

6    Darrington School District on Tuesday, May 18, 2004, impacting the staff and the

7    families of approximately 550 students.

8          e.    On or about May 18, 2004, Defendant sent another email to

9    employees at the Darrington School District. Defendant again used a program in an

10   attempt to conceal his identity, that made it appear as though the message came from

11   someone named "Jessica Peterson" at the address jessicapeterson@wanadoo.nl. The

12   body of the message read as follows:

13       Hello, i am Jessica Peterson of the Earth Liberation Front i
         want to inform you that there is a powerful bomb planted
14       somewhere in your school that is an ammonia nitrate bomb
         with high octane fuel that could injure or kill dozens or
15       hundreds of innocent peoples if ignited, it has a digital
         timer on it that will detonate at a designated time of 7:31am
16       useing electrical charge supplied by a 9.v battery, it is very
         powerful and could have been hidden in a backpack or
17       suitcase. A E.L.F. associate is planning this attack for
         reasons i do not know, i suggest you evacuate and close
18       down this school and try to disarm the device if it has been
         planted and activated.
19
           f.    Again, there was no bomb at the school. Defendant admits he sent
20
     this email to willfully and knowingly convey false information about an alleged attempt
21
     to injure and intimidate individuals associated with the elementary school and/or
22
     unlawfully damage or destroy the school building, by means of fire and explosive.
23
           g.    Defendant admits that he sent a similar email threat to a school
24
     district in New Jersey during this same time frame.
25
         9.    Sentencing Factors. The parties agree and stipulate that the following
26
     Sentencing Guidelines provisions apply to this case:
27
           a.    A base offense level of twelve (12), pursuant to United States
28
     Sentencing Guideline Section 2A6.1(a);

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1            b.    An additional two (2) points because Defendant made more than

2    two threats, pursuant to United States Sentencing Guideline Section 2A6.1(b)(2);

3            c.    An additional four (4) points for substantial disruption of public and

4    governmental functions, pursuant to United States Sentencing Guideline Section

5    2A6.1(b)(4).

6            d.    The parties further agree that the Court should depart downward

7    from the resulting Sentencing Guideline Range pursuant to United States Sentencing

8    Guideline Section 5K2.13. The parties stipulate that Defendant committed the offense

9    while suffering from a significantly reduced mental capacity due to a long-time diagnosis

10   of Asberger's Disorder; and that the disorder contributed substantially to the

11   commission of the offense. The parties further stipulate and agree that the offense did

12   not involve a serious threat of violence, because Defendant had neither the intention nor

13   the ability to carry out the bomb threats admitted to in this Agreement.

14       The parties remain free to argue regarding the application of any other provisions

15   of the United States Sentencing Guidelines.

16       10.    Acceptance of Responsibility. The United States acknowledges that

17   Defendant has assisted the United States by timely notifying the authorities of his

18   intention to plead guilty, thereby permitting the United States to avoid preparing for trial

19   and permitting the Court to allocate its resources efficiently. If at the time of sentencing,

20   the United States remains satisfied that Defendant has accepted responsibility, then it

21   will recommend a sentence that takes this acceptance of responsibility into

22   consideration. Defendant understands and agrees that the United States will base its

23   recommendation on factors set forth in the United States Sentencing Guidelines,

24   including Section 3E1.1.

25       11.    Stipulated Sentence. The Defendant and the United States stipulate and

26   agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B) that the appropriate

27   disposition of this matter is a term of probation of sixty (60) months, with conditions of

28   probation to include a requirement that Defendant continue to participate in mental

PLEA AGREEMENT
(Lamont, CR04-275L) - 7

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1 | health and vocational programs as directed by the Probation Office. The parties remain
2 | free to argue for any other terms of probation, including but not limited to a community
3 | service requirement.

4 |      12.   Non-Prosecution of Additional Offenses. As part of this Plea Agreement,
5 | the United States Attorney's Office for the Western District of Washington agrees to
6 | move to dismiss the remaining counts in the Indictment at the time of sentencing and not
7 | to prosecute Defendant for any additional offenses known to it as of the time of this
8 | Agreement that are based upon evidence in its possession at this time, or that arise out
9 | of the conduct giving rise to this investigation. In this regard, Defendant recognizes that
10 | the United States has agreed not to prosecute all of the criminal charges that the
11 | evidence establishes were committed by Defendant solely because of the promises made
12 | by Defendant in this Agreement. Defendant acknowledges and agrees, however, that
13 | for purposes of preparing the Presentence Report, the United States Attorney's Office
14 | will provide the United States Probation Office with evidence of all relevant conduct
15 | committed by Defendant.

16 |      Defendant agrees and acknowledges that any charges to be dismissed
17 | before or at the time of sentencing were substantially justified in light of the evidence
18 | available to the United States, were not vexatious, frivolous or taken in bad faith, and do
19 | not provide Defendant with a basis for any future claims under the "Hyde Amendment,"
20 | Pub.L. No. 105-119(1997).

21 |      13.   Voluntariness of Plea. Defendant acknowledges that he has entered into
22 | this Plea Agreement freely and voluntarily, and that no threats or promises, other than
23 | the promises contained in this Plea Agreement, were made to induce Defendant to enter
24 | this plea of guilty.

25 |      14.   Statute of Limitations. In the event that this Agreement is not accepted by
26 | the Court for any reason, or Defendant has breached any of the terms of this Plea
27 | Agreement, the statute of limitations shall be deemed to have been tolled from the date
28 | of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea

PLEA AGREEMENT
(Lamont, CR04-275L) - 8

1  Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea

2  Agreement by Defendant is discovered by the United States Attorney's Office.

3       15.    Post-Plea Conduct.  Defendant understands that the terms of this Plea

4  Agreement apply only to conduct that occurred prior to the execution of this Agreement.

5  If, after the date of this Agreement, Defendant should engage in illegal conduct, or

6  conduct that is in violation of his conditions of release (examples of which include, but

7  are not limited to: obstruction of justice, failure to appear for a court proceeding,

8  criminal conduct while pending sentencing, and false statements to law enforcement

9  agents, the Pretrial Services Officer, Probation Officer or Court), the United States is

10  free under this Agreement to seek a sentence that takes such conduct into consideration.

11  Such a sentence could include a sentencing enhancement under the United States

12  Sentencing Guidelines or an upward departure from the applicable sentencing guidelines

13  range.

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PLEA AGREEMENT
(Lamont, CR04-275L) - 9

16.    Completeness of Agreement.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement only binds the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 14th day of October , 2005.

_____
ELROY JOHN LAMONT
Defendant

_____
TIMOTHY LORHAFF/NANCY TENNEY
Attorneys for Defendant

_____
ANNETTE L. HAYES
Assistant United States Attorney

_____
VINCENT T. LOMBARDI
Assistant United States Attorney

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970