Chief Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR04-275L |
| Plaintiff, | ) ) | UNITED STATES SENTENCING MEMORANDUM |
| v. | ) ) | |
| ELROY JOHN LAMONT, | ) ) | |
| Defendant. | ) ) | |

## I. INTRODUCTION

Defendant Elroy Lamont committed a serious crime. The bomb threats he sent disrupted the lives of hundreds of families, and the operations of an entire school district. The crime was characterized by extensive planning and reasonably sophisticated efforts to conceal his involvement. He clearly knew that his actions were wrong on some level.

However, Mr. Lamont also suffers from significant mental health problems. He struggled in school and was teased by classmates. He was in some degree let down by society, which failed to get him the help he so clearly needed. His family, while well meaning, lacked the resources to properly evaluate and care for him; and compounded the problem by allowing him to withdraw from school. As a result, Mr. Lamont ended up spending much of his time on the internet. Bored and still angry at the school district, he sent out the bomb threats by email, looking for excitement and perhaps some revenge.

Balancing these factors leads the Government to recommend five years probation, and fifty hours of community service, instead of incarceration. This is the rare case where

U.S. SENTENCING MEMO - 1
(LAMONT, CR04-275L)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

Defendant's arrest, felony conviction, and sentencing is actually an occasion for hope. Mr. Lamont's defense team, together with Pretrial Services, have done a tremendous job in helping Mr. Lamont deal with his serious mental health issues. They should be commended for their efforts. There is every reason to believe that continued structured assistance for Mr. Lamont will enable him to continue to make progress and protect the public from future crimes. By contrast, incarceration will likely wipe that progress out. Probation, not incarceration, is therefore the appropriate and reasonable sentence.

## II. FACTUAL BACKGROUND

The facts of this case are summarized in some detail in both the plea agreement and the Presentence Report ("PSR"), and will not be recounted here in the interests of brevity.

## III. GUIDELINE CALCULATION

The Government agrees with the Probation Office's Sentencing Guideline calculation. Mr. Lamont's conduct yields a total offense level of 15, after applying all relevant adjustments. Mr. Lamont has no prior criminal history, which results in an advisory imprisonment range of 18-24 months. Technically, this range falls into Zone D of the sentencing table, meaning the minimum should be satisfied by a term of imprisonment.

However, both the Government and Probation agree that a downward departure is clearly warranted here, given Mr. Lamont's diminished mental capacity, as defined in USSG § 5K2.13.[1] As detailed at some length in the PSR, Mr. Lamont has struggled with significant mental health issues his entire young life. Those issues clearly contributed to the offense. Accordingly, even under a mandatory Guideline scheme a sentence of probation and community service was likely authorized. Post *Booker*, the Court of course has the discretion to impose probation in any event.

---

[1] A departure under Section 5K2.13 is not available if there is a need to protect the public from violence or a serious threat of violence; however, there is no evidence that Mr. Lamont had any capability, much less the intent, to actually carry through on his threats

U.S. SENTENCING MEMO - 2
(LAMONT, CR04-275L)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

## IV. **ANALYSIS**

The Government originally believed that a term of imprisonment was called for in this case. In light of current events, no one can regard a bomb threat as a harmless prank. Every bomb threat results in the diversion of scarce resources that might be needed that day to deal with a real explosive device. Equally important, Mr. Lamont's specific actions had a tremendous impact on the Darrington school district. The lives of hundreds of people were disrupted. The Court can doubtless place itself in the shoes of the parents of the students in that District - scared for their children's safety, and in many instances forced to leave work and/or make alternative arrangements for childcare with no notice. Equally important, Mr. Lamont took reasonably sophisticated steps to avoid detection, showing he was both able to plan ahead and appreciate the wrongfulness of his actions. Taken alone, these actions would call for some period of incarceration, to punish the wrongdoer and deter others from committing the offense; and with most defendants that would be the Government's recommendation.

However, as the Government learned more about Mr. Lamont's history, his family situation, and his mental health issues, that view began to change. Mr. Lamont's defense team worked with Pretrial Services to get him out of a home situation which exacerbated his problems, and into a structured educational environment. By all accounts, he has made tremendous progress in that program, and his prognosis for continued improvement is excellent. The Government commends both the defense and Pretrial Services for their extraordinary efforts in this case. It is clear that much of that progress would be lost if Mr. Lamont was incarcerated.

Based on this information, the Government believes a sentence of five years probation and fifty hours of community service is the appropriate and reasonable disposition of this case. A brief stint of community service is necessary to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" within the meaning of the 18 U.S.C. § 3553(a)(2)(A).

Beyond that, five years of probation satisfies all of the factors set forth at 18

U.S. SENTENCING MEMO - 3
(LAMONT, CR04-275L)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

U.S.C. § 3553(a), in particular the mandate that the Court consider "the history and characteristics of the defendant" and "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." [2]

### V. CONCLUSION

For the reasons set forth above, the Government respectfully recommends the Court sentence Mr. Lamont to five years probation and fifty hours of community service. The Government concurs with all of the Probation Office's recommendations as to the specific terms of probation.

DATED this 3rd day of January, 2006.

Respectfully submitted and stipulated,

JOHN McKAY
United States Attorney

 /s Vincent T. Lombardi
VINCENT T. LOMBARDI
WSBA # 21967
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Ste. 5520
Seattle, Washington 98101
Facsimile: 206-553-4440
Phone: 206-553-5178
E-mail: vince.lombardi@usdoj.gov

---

[2] A sentence of probation is also appropriate to satisfy the need to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." In *U.S. v. Alberg*, CR04-371JLR, a recent case, The Honorable James Robart sentenced a defendant with the same type of mental impairment to five years probation

U.S. SENTENCING MEMO - 4
(LAMONT, CR04-275L)

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

I hereby certify that on January 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the defendant(s). I hereby certify that I have served the attorney(s) of record for the defendant(s) that are non CM/ECF participants via telefax.

 s/ Stephanie J. Orona
STEPHANIE J. ORONA
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-4228
Fax: 206-553-0755
E-mail: Stephanie.Orona@usdoj.gov

U.S. SENTENCING MEMO - 5
(LAMONT, CR04-275L)